## DEVER vs. THE TOWN OF ANSON.

### *New Trial.*

In an action upon a large number of town orders, where there was a general verdict for the defendant, and there was no defense in fact to three of the orders, a new trial was granted generally, without restricting it to the three orders not contested. *Held*, no abuse of discretion, especially as the judge of the court below may have thought that the jury were misled by some portions of the charge.

APPEAL from the Circuit Court for *Chippewa* County.

Action on seventeen "town orders," drawn on the treasurer of the defendant town, each of which is set out in full in the complaint and declared on as a separate cause of action. The aggregate amount demanded is $1,646.32. The answer denies, as to all said orders, the averments that they were made at or about the time of their dates by the proper officers, that they were presented for payment, and that payment was refused; and alleges that they were fraudulently issued to and received by the plaintiff, with knowledge on his part that they were issued without consideration or authority of law, in payment for building a pretended highway, which was not a legal highway, and upon fraudulent collusion of the chairman and clerk of the town with plaintiff in causing to be awarded to him the contract for building said pretended highway.

On the trial, after plaintiff had put in evidence all the orders declared on, and testified to demand and refusal of payment, he was asked on cross examination how he became owner of the orders, and answered that he " did a piece of work in the town of Anson, known as the swamp road, and got these orders in payment for that work."

It appeared that the contract for "the swamp road" was let to plaintiff not earlier than September 10, 1875. One of the orders declared on (No. 807), was dated August 24, 1875, and ran to Martin Fanning or bearer, for $20; another (No.

836) was dated September 10, 1875, and ran to plaintiff or bearer, for $19, and appears to have been for accounts allowed him on that day for matters not included in the "swamp road" contract; a third (No. 910) was dated October 19, 1875, and ran to John Cone or bearer, for $20. All the remainder were dated on or after October 30, 1875, and ran to the plaintiff or bearer.

The court gave the following among other instructions: that if the road in question, so far as it was built by the plaintiff, "was not within the limits of any legally laid out, surveyed and recorded highway within said town, as plaintiff well knew," this fact should be considered "as going strongly to establish fraud and illegality in the issue and acceptance of the orders;" and that, "for evidence of the absence of compliance with the law in the laying out of this alleged highway," they might take into consideration "the absence of entry in the book of proceedings of the town board presented" at the trial, "of any proceedings in relation thereto." The book referred to does not appear to have contained minutes of the proceedings of the town board earlier than the year 1875.

Verdict for the defendant. Plaintiff thereupon moved, on the judge's minutes, for a new trial, upon the ground that the charge was contrary to law, and the verdict against the law and evidence. From an order granting the motion, defendant appealed.

Briefs were filed by *W. F. Bailey* and *P. H. Foster* for the appellant, and by *Wheeler & Marshall* for the respondent; and the cause was argued orally by *Mr. Bailey* and *Mr. N. W. Wheeler*.

For the appellant it was contended, among other things, that there was no error in the instructions; that the evidence as to the fraudulent and illegal character of the swamp road contract was ample to sustain the verdict; that the orders were void upon their face because drawn upon the general

fund, and not upon any special fund raised by the town for highway purposes, and the supervisors have no general authority to bind the town by contracts for labor upon highways when no fund has been provided by the electors (Tay. Stats., ch. 15, § 86, and ch. 19, §§ 2–9; *Andover v. Grafton*, 7 N. H., 300; *Sanborn v. Deerfield*, 2 id., 253; *Mather v. Crawford*, 36 Barb., 564); and that if there were two or three small orders in suit which were not issued upon that contract, the jury were misled by the plaintiff's own positive testimony on that subject, as well as by his failure to call the attention of the court to it in his requests for instructions, and he should not be allowed to avail himself of the oversight to procure a new trial.

For the respondent, it was argued that the court erred in charging that the road must have been "laid out" to render plaintiff's contract legal, and in assuming that there was evidence from which the jury might find that the road was *not* laid out; that as to the evidence of fraud, the language of the court was otherwise too broad and unqualified, encroaching upon the province of the jury (*Pickett v. Crook*, 20 Wis., 358; *Saunderson v. Lace*, 1 Chand., 231; *Hawkins v. Costigan*, 21 Wis., 545; *Gillet v. Phelps*, 12 id., 393, 399); and that, the verdict being clearly erroneous, there was no abuse of discretion in the order appealed from.

COLE, J. We cannot say there was any abuse of discretion in granting a new trial in this case. The plaintiff was certainly entitled to a verdict on three of the orders counted on in his complaint, to which there was no defense. But it is said that the plaintiff testified on the trial that all the orders upon which suit was brought were delivered to him under what is called the "swamp road contract;" and that he should be concluded by these statements. This is not a fair or just inference from what he says. Besides, it is manifest that in the portion of the testimony referred to, the plaintiff had not

in mind, nor was his attention called to, orders numbered 807, 836 and 910; and his language should not be applied to them.

But, again, it is said that the new trial should have been granted only as to these three orders. The learned circuit court, however, did not see fit to restrict the new trial, even if it was within its power or discretion to do so. It granted the new trial generally, as to all the causes of action set up in the complaint. It is possible the circuit court might have thought that the jury had been misled by some portions of the charge in respect to the defense of fraud relied on in the answer, and that justice would be promoted by a retrial of all the issues. But whatever considerations might have controlled or influenced the mind of the circuit judge in granting a new trial generally, it is certain there was no abuse of discretion, upon the facts and circumstances of the case.

*By the Court.*—The order is affirmed.